UNITED STATES DISTRICT COURT
Southern District of Georgia
Augusta Division

| | |
|---|---|
| United States of America<br><br>v.<br><br>Jared Tyrese Adger | Case: CR 1:22-00102 |

MOTION TO DISMISS INDICTMENT

Comes now, Kathryn A. Brow Aho, attorney for Defendant Jared Tyrese Adger, and files this Motion to Dismiss the pending indictment pursuant to Fed.R.CrimP. 12(b)(2) and (b)(3) and in support thereof shows the following.

**I.**

**PROCEDURAL HISTORY**

1.

On November 2, 2022 an indictment was filed alleging that on or about June 19, 2022 in Columbia County within the Southern District of Georgia the Defendant, Jared Tyres Adger, knowing that he was under indictment for a crime punishable by a term of imprisonment exceeding one year did willfully receive firearms, to wit, an HS Produkt (Springfield Armory) model Hellcat, 9mm caliber pistol, and a Rossi model MSB, .38 caliber revolver, which had both been transported in interstate and foreign commerce. All in violation of Title 18, United States Code, Section 922(n).

2.

The record will show that Mr. Adger was previously charged with a felony but that he was never convicted under the the felony indictment because Mr. Adger chose to participate in a first offender program and therefore was merely a person under indictment and not a convicted felon.

## II.

## SECTION 922(n) IS UNCONSTITUTIONAL AND THEREFORE THE INDICTMENT MUST BE DISMISSED

3.

### Section 922 (n) is Unconstitutional on its Face

The United States Supreme Court recently upheld the rights of citizens to bear arms even outside of their own dwellings pursuant to the Second Amendment of the United States Constitution. *New York State Rifle & Pistol Association Inc. Et Al v. Bruen, Superintendent of New York State Police Et Al.* No. 20-843. After the *Bruen* decision, the Western District of Texas, Pecos Division, the court concluded that "[the court need not answer whether Section 922(n) is unconstitutional as applied to Defendant because the statute is unconstitutional on its face". *The United States of America v. Jose Gomez Quiroz,* Western District of Texas, Pecos Division, 4:22-cr-00194 DC. Furthermore the court concluded that the Second Amendment is "not a second class right". *id.*

4.

### Mr. Adger is a Protected Person under the Second Amendment, History would not Mandate that he Lose his Right to Bear Arms

Relying on both *Bruen* and *Quiroz* the Judge in the United *States of America v. Prez-Gallan* determined that the Defendant in that case was a protected person under the Second Amendment and that even an individual under a Protective Order would not mandate a person to lose his or her right to bear arms. *United States v. Perez-Gallan*, No. PE:22-CR-00427-DC, 2022 U.S. Dist. LEXIS 204758 (W.D. Tex. Nov. 10, 2022).

In *United States v. Rahimi* the United States Court of Appeal for the Fifth Circuit, also analyzed *Bruen* and *Quiroz* in detail. *Rahimi* summarized *Bruen* as articulating two analytical steps:

First, courts must determine whether "the Second Amendment's plain text covers an individual's conduct[.]" 142 S. Ct. at 2129-30. If so, then the "Constitution presumptively protects that conduct," and the Government "must justify its regulation by demonstrating that it is consistent with the Nation's [*13] historical tradition of firearm regulation." *Id.* at 2130. "Only then may a court conclude that the individual's conduct falls outside the Second Amendment's unqualified command." *Id.* (internal quotation marks omitted).

To carry its burden, the Government must point to "historical precedent from before, during, and even after the founding [that] evinces a comparable tradition of regulation." *Id.* at 2131-32 (internal quotation marks omitted). "[W]e we are not obliged to sift the historical materials for evidence to sustain [§ 922(g)(8)]. That is [the Government's] burden." *Id.* at 2150.

The Government need not identify a "historical twin"; rather, a "well-established and representative historical *analogue*" suffices. *Id.* at 2133. The Supreme Court distilled two metrics for courts to compare the Government's proffered analogues against the challenged law: *how* the challenged law burdens the right to armed self-defense, and *why* the law burdens that right. *Id.* (citing *McDonald v. City of Chicago, Ill.*, 561 U.S. 742, 767, 130 S. Ct. 3020, 177 L. Ed. 2d 894 (2010) and *Heller*, 544 U.S. at 599). "[W]hether modern and historical regulations impose a comparable burden on the right of armed self-defense and whether that burden is comparably justified are central considerations when engaging in an analogical inquiry." *Id.* (internal quotation marks and emphasis omitted). *United States v. Rahimi*, No. 21-11001, 2023 U.S. App. LEXIS 2693, at *12-13 (5th Cir. Feb. 2, 2023)

Under this opinion the conclusion is clear that Mr. Adger is a Protected Person under the Second Amendment. The Government can not show that the restrictions imposed by 922(n) fits within the narrative in which our forefathers would historically restrict one's right to keep a firearm, and therefore Mr. Adger's Second Amendment Right to Bear Arms must be protected.

5.

**18 U.S.C Section 922(n) Fails the Due Process Clause of the US Constitution**

In *Bruen* the Supreme Court of the United States made it clear that strict scrutiny must be applied to any limitation that 922(n) attempts to impose on an individual's right to bear arms. Therefore where an indictment has been issued for a felony and no adjudication has taken place it is unlawful to restrict one's right to bear arms.

**WHEREFORE,** Defendant Jared Tyrese Adger, by and through his attorney respectfully requests that this Honorable Court Dismiss the Indictment against the Defendant and concluded that 18 U.S.C 922(n) is unconstitutional.

Respectfully submitted on February 17, 2023.

<u>/s/ *Kathryn A. Brow Aho*</u>
Kathryn A. Brow Aho (GA Bar #: 425482)
2608 Commons Blvd., Ste. A, Augusta, GA 30909
P: 706-755-2928 | F: 706-664-0407
k.brow@duncanbrow.com

CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing were served February 17, 2023, by CM/ECF electronic notice, on the following:

| |
|---|
| Henry Wayne Symes Jr. <br> hank.syms@usdoj.gov |

Respectfully submitted on February 17, 2023.

/s/ *Kathryn A. Brow Aho*
Kathryn A. Brow Aho (GA Bar #: 425482)
2608 Commons Blvd., Ste. A, Augusta, GA 30909
P: 706-755-2928 | F: 706-664-0407
k.brow@duncanbrow.com